# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAURIE SNELL PARNELL, | : | |
| | : | |
| *Plaintiff*, | : | Civil Action No.:  20-1837 |
| | : | |
| v. | : | |
| | : | |
| AMERICAN WARRIOR INITIATIVE, | : | |
| AND FAIRWAY INDEPENDENT | : | |
| MORTGAGE CORPORATION, | : | |
| | : | |
| *Defendants*. | : | |

## **COMPLAINT**

AND NOW, comes the Plaintiff, Laurie Snell Parnell, by and through her undersigned counsel, Sean A. Casey, Esquire, and files the following Complaint:

### **Nature of the Action**

This is an action brought pursuant to Sex Discrimination and Religious Discrimination under Title VII of the Civil Rights Act, retaliation, and creation of a hostile work environment, as well as the Pennsylvania Human Relations Act. The Plaintiff, seeks declaratory, injunctive and compensatory relief for the discriminatory conduct, the retaliation and hostile work environment she endured, and for being terminated from her position by the Defendants in this matter.

## Parties

1. Plaintiff, Laurie Snell Parnell, is a female resident of Pennsylvania with a primary residence at 308 Sapling Ct., Cranberry Twp., PA 16066.

2. At all times relevant hereto, the Plaintiff was a qualified individual, and otherwise possessed of all qualifications necessary to perform the essential functions of the job.

3. Defendant, American Warrior Initiative, is an employer within the meaning of the Act, and operating with a principal place of business located at 104 E. Texas Street, Leesville, LA 71446.

4. Defendant, Fairway Independent Mortgage Corporation, is an employer within the meaning of the Act, and operating with a corporate address at 4750 S. Biltmore Lane, Madison, WI 53718.

## Jurisdiction

5. This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. §1331, relating to federal questions. Supplemental jurisdiction over the related state law claims is conferred by 28 U.S.C. §1367(a).

6. Venue is proper in this case pursuant to 28 U.S.C. §1391(b).

## Statements of Fact

7. The Plaintiff is a thirty-eight (38) year old female, residing at the address 308 Sapling Court, Cranberry Twp., PA 16066.

8. Fairway Independent Mortgage Corporation is a national business with a corporate headquarters located at 4750 S. Biltmore Lane, Madison, WI 53718.

9. American Warrior Initiative, Inc., is a non-profit company with a business address at 4801 S. Biltmore Lane, Madison, WI 53718.

10. The two entities operate very closely with one another.

11. The Plaintiff was hired by the Defendants as an events planner and director of operations in September of 2015.

12. The Plaintiff's annual salary was approximately $80,000.00.

13. The Plaintiff's primary job responsibilities were under Fairway Independent Mortgage Corporation, but she also had associated responsibilities with American Warrior Initiative (a non-profit).

14. Fairway Independent Mortgage Corporation is a large mortgage company, with approximately 6,000 employees in total.

15. American Warrior Initiative is a nonprofit that provides services to veterans, and one of the founding individuals was the Plaintiff's husband, Mr. Richard "Sean" Parnell.

16. Fairway is very heavily faith based, pushing itself as a Christian organization.

17. Fairway's Faith Department sends out a bible verse every day.

18. Divorce therefore is frowned upon individuals within this company.

19. Plaintiff's supervisor, Louise Thaxton, made comments such as you should be at home in the kitchen taking care of your husband.

20. When Thaxton learned that the Plaintiff had separated from her husband, she refused to speak to the Plaintiff for approximately six (6) months and had sided with the husband, Mr. Parnell.

21.     Plaintiff's failure to conform to certain ideals professed for "Christian women" in the company ultimately led to her termination.

22.     On August 30, 2019, the Plaintiff had a discussion with her supervisor, Louise Thaxton, wherein she expressed concern to Thaxton that she knew there were unethical actions taking place within the nonprofit.

23.     The Plaintiff also told Thaxton that she would be talking with Human Resources regarding her concerns.

24.     Thaxton was immediately hostile towards her and told her that she was being insubordinate and unprofessional, and within an hour the Plaintiff was terminated.

25.     The termination was clearly in retaliation for the Plaintiff raising the issue and questioning the actions of the employer.

26.     Mr. Sean Parnell has been very vocal about his views on women and his anti-feminine perspective.

27.     In an appearance he made on Fox's Nation, September 17, 2019, Mr. Parnell presented the opinion that modern-day feminism has driven a wedge between men and women.

28.     During that same appearance, Mr. Parnell expressed the thought that, "The idea that a woman doesn't need a man to be successful, the idea that a woman doesn't need a man to have a baby, the idea that a woman can live a happy and fulfilling life without a man, I think it's all nonsense."

29.     In that same appearance, Mr. Parnell expressed the opinion, "I am gonna say something very un-PC, I reject this study wholesale. I feel like the whole happy wife, happy life nonsense has done nothing but raise one generation of women tyrants after the next."

30. It is the Plaintiff's position that these statements by Mr. Parnell was a very accurate reflection of the environment she was forced to deal with while employed with the Defendants.

31. The Plaintiff believes that if she were a male, Thaxton would not have terminated her from her position.

32. The Plaintiff believes she was terminated due to Religious and Sex Discrimination Under Title VII of the Civil Rights Act. It is the Plaintiff's position that she was stereotyped and harassed.

33. On or about February 25, 2020, the Plaintiff filed a Charge with the EEOC and PHRC for Sex Discrimination, Religious Discrimination, retaliation, and creation of a hostile work environment against Fairway Independent Mortgage Corporation and American Warrior Initiative.

34. On or about September 2, 2020, a Dismissal and Notice of Right to Sue was issued by the EEOC regarding Charge No. 533-2020-011104. (Exhibit 1)

35. On or about September 2, 2020, a Dismissal and Notice of Right to Sue was issued by the EEOC regarding Charge No. 533-2020-01105. (Exhibit 2)

### Count 1: Sex Discrimination: Title VII and PHRA

36. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

37. Plaintiff is a female and a member of a recognized protected class.

38. Defendants violated Title VII of the Civil Rights Act of 1964, the Pennsylvania Humans Relations Act, and the provision regarding sex discrimination by dismissing and

refusing to investigate the allegations by the Plaintiff, that ultimately allowed Ms. Thaxton to continue a method of conduct designed to harass and intimidate the Plaintiff.

39. Defendants did not effectively address the discriminatory conduct that was occurring in the workplace, and by implication created the environment that condoned and promoted such conduct.

40. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer, lost wages and benefits, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendants, and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the academic community, punitive damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

### Count 2: Religious Discrimination: Title VII and PHRA

41. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

42. Defendants failed to adequately address discriminatory acts occurring in the workplace because of Plaintiff's actions, which Defendants viewed as a breach of its religious beliefs, in violation of Title VII of the Civil Rights Act.

43. Defendants' actions were done with malice and reckless disregard for Plaintiff's federally protected rights.

44. Defendants also failed to engage in any interactive discussion with regard to the corrective action to be taken within the department.

45. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered and continues to suffer, lost wages and benefits, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendants, and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the academic community, punitive damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

### Count 3: Retaliation: Title VII and PHRA

46. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

47. Plaintiff was harassed, humiliated, and otherwise discriminated against by the Defendants in retaliation for raising the issues regarding the discriminatory actions.

48. Not only did the Defendants not take measures to correct the discriminatory nature of their criteria, but they began to engage in activities to question the Plaintiff's religious practices and scrutinizing her work.

49. Plaintiff has been harassed, humiliated, and otherwise discriminated against by the Defendants in retaliation for her asserting rights under Title VII of the Civil Rights Act.

50. Under Title VII of the Civil Rights Act, a retaliatory action by an employer, towards an employee for exercising their statutory rights, is a violation of that statute and against public policy.

51. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered and continues to suffer, lost wages and benefits, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendants, and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the academic community, punitive damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

## **Count 4: Hostile Work Environment**

52. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

53. Plaintiff has repeatedly reported harassment to the Defendants, to various agents employed by the Defendants.

54. The Plaintiff's supervisor had increasingly responded to her in a manner that was intensely hostile as described above.

55. The Plaintiff was subjected to a hostile work environment on the basis of sex and religious discrimination.

56. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered and continues to suffer, lost wages and benefits, lost employment opportunities and future income, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendants, and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the academic community, punitive damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court:

A) Grant a permanent injunction enjoining Defendants, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert and participation with them, from engaging in, ratifying, or refusing to correct, employment practices which interfere with the exercise of rights and/or discriminate in violation of Title VII of the Civil Rights Act;

B) Order Defendants to institute and implement training programs, policies, and practices and programs designed to ensure the Defendants provides proper leave and does not retaliate and/or interfere with those who engage in statutorily protected activity;

C) Order Defendants to make whole Laurie Snell Parnell, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, compensate her for lost benefits, and all other affirmative legal and equitable relief necessary to eradicate the effects of its unlawful employment practice;

D) Order Defendants to pay Plaintiff compensatory damages in an amount to be determined at trial;

E) Order Defendants to pay Plaintiff the reasonable attorney's fees and costs and other legal expenses incurred by the Plaintiff in this matter;

F) Order Defendants to remove and expunge, or to cause to be removed or expunged, all negative, discriminatory, and/or defamatory memorandum or other documentation from the Plaintiff's record of employment; and

G) Award the Plaintiff such other legal and equitable relief as the Court deems appropriate and just.

**A JURY TRIAL IS DEMANDED AS TO ALL ISSUES TRIABLE TO A JURY.**

Respectfully submitted

/s/ Sean A. Casey
Sean A. Casey
PA ID #79806
Email: sean@caseylegal.com

**SEAN A. CASEY, ATTORNEY AT LAW**
First & Market Building
100 First Avenue, Suite 1010
Pittsburgh, PA 15222
T: (412) 201-9090
F: (412) 281-8481