## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAURIE SNELL PARNELL, | ) CIVIL ACTION |
| | ) |
| Plaintiff, | ) Case No.: 2:20-cv-01837-WSH |
| | ) |
| v. | ) The Hon. W. Scott Hardy |
| | ) |
| AMERICAN WARRIOR INITIATIVE, and FAIRWAY INDEPENDENT MORTGAGE CORPORATION, | ) *Electronically Filed and Served via CM/ECF* |
| | ) |
| Defendants. | ) |

### **DECLARATION OF ALICIA ANDERSON, ESQUIRE**

I, Alicia Anderson, Esquire, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that:

1. I am a citizen of the United States.

2. I am currently employed as "Corporate Employment Counsel" for Fairway Independent Mortgage Corporation ("Fairway").

3. American Warrior Initiative ("AWI") is a charitable affiliate of Fairway Independent Mortgage Corporation ("Fairway") and assists veterans with obtaining mortgages, among other services. Both AWI and Fairway are closely intertwined.

4. I am familiar with the Plaintiff's, Laurie Snell Parnell ("Ms. Snell"), employment with Fairway and I am familiar with the claims raised by Ms. Snell in her Complaint at the above-captioned matter. (ECF 1).

5. I am also familiar with Fairway's hiring policies and procedures and have firsthand knowledge of those policies, procedures, and hiring documents.

6. On August 19, 2015, Ms. Snell was offered employment with Fairway. A copy of Ms. Snell's offer letter is attached hereto and made a part hereof as if fully set forth at length herein as Exhibit "A."

7. On August 20, 2015, Ms. Snell accepted Fairway's offer of employment. A copy of Ms. Snell's acceptance of employment is attached hereto and made a part hereof as if fully set forth at length herein as Exhibit "B."

8. Ms. Snell's employment with Fairway was subject to certain terms and conditions. *See* Ex. A.

9. Part of those terms and conditions were expressly outlined in Fairway's Employee Handbook. A true and correct copy of the 2015 Employee Handbook is attached hereto and made a part hereof as if fully set forth at length herein as Exhibit "C."

10. On August 28, 2015, Ms. Snell signed an acknowledgement that she received and reviewed the Employee Handbook. A copy of the acknowledgment form is attached hereto and made a part hereof as if fully set forth at length herein as Exhibit "D."

11. The Employee Handbook was in effect when Ms. Snell began her employment and Ms. Snell acknowledged the Employee Handbook throughout employment with Fairway. Copies of Ms. Snell's signed acknowledgement forms are attached hereto and made a part hereof as if fully set forth at length herein as Exhibit "F."

12. The Employee Handbook acknowledged by Ms. Snell contained a clear and unambiguous arbitration provision ("Arbitration Provision"). *See* Ex. C, p. 17.

13. The Employee Handbook states, "[a]ny controversy, dispute or claim between a Fairway employee and Fairway…shall be settled by ***final and binding arbitration in accordance with the Employment Arbitration Rules of the American Arbitration Association***." *Id.* (emphasis added).

14. The Employee Handbook further states, "[t]he effect of this policy is that *both the Fairway employee and Fairway are waiving their right to file a lawsuit in court against the other party*. *Id.* (emphasis in the original).

15. The Arbitration Provision expressly incorporates the Employment Arbitration Rules of the American Arbitration Association. A copy of the Employment Arbitration Rules of the American Arbitration Association is attached hereto and made a part hereof as Exhibit "E."

16. Fairway's employees are subject to the Arbitration Provision of the Employee Handbook. *See* Ex. C, p. 17.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  February 1, 2021    By:  _____
DocuSigned by:
*Alicia Anderson*
2F85E565FF48467…

Alicia Anderson, Esquire
*Corporate Employment Counsel*
Fairway Independent Mortgage Corporation